*MASSE'S HEIRS* vs. *PIERRE & AL.*

Western Dist.
*Sept*, 1827,

APPEAL from the court of the fifth district.

It is a fatal objection to a will offered as an authentic nuncupative one that no mention is made of its having been written by the notary. On the allowance of the objections, the court will not reserve to the party offering it, the faculty of presenting it as a nuncupative will by private act.

PORTER, J. delivered the opinion of the court. This is an action by the legal heirs of one Magdelaine Masse, f. w. c. claiming from legatees under an alleged will of the deceased, certain property in their possession. Their right to it depends, entirely on the validity of a testament made by public act.

Various objections have been made to the legality of this instrument, none of which we deem necessary to notice, except that which relates to the want of mention that it was written by the notary. This we consider a fatal defect. The 92d. art. of the old code, page 228, requires, for the validity of a nuncupative will, by public act, that it must be signed by the testator and written by the notary as it is dictated, and that express mention must be made that it was so signed and written. There is no such statement in the will before us, and the want of this formality is declared, by another article of the code to be cause of nullity. *Merlin Repertoire, verbo testament,* 673, 680. *Toullier,*

Western Dist
   Sept 1827

MASSE'S
   vs.
PIERRE &
   AL.

*droit civil Francais, vol.* 5; *l* . 3; *lib.* 2; *chap.* 5; *art.* 417, 425; *c. code,* 232, *art.* 108.

The defendants have prayed us to reserve them the right to shew hereafter, in another suit, that this will was good as a nuncupative testament, by private act; but this request cannot be granted. It was set up by them as their title, and if it was good in any shape, it was their duty to establish it. A bill of exceptions taken on the trial, shows the plaintiff expressly contested it on the ground that we are now called to reserve for further litigation. The judgment below is sufficiently favourable to the defendants in allowing them to contest, hereafter, with the plaintiffs, the validity of the will, in case it is brought in question in relation to the other property left by the testatrix.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

*Davis & Bowen* for the plaintiffs, *Brownson & Simon* for the defendants.